## BOWNE *vs.* WITT.

A person, an adult, residing with his step-mother and transacting her business, is not, within the meaning of the statute exempting wearing apparel from execution either a householder or a member of the family of the person with whom he resides.

ERROR from the Schoharie common pleas. Bowne sued Witt in an action of *replevin* for taking his cloak. The defendant justified the taking, as a constable, by virtue of an execution against the plaintiff. The plaintiff insisted that the cloak was exempt from execution under the provisions of the statute exempting the *wearing apparel* of a *householder* and his *family*, 2 R. S. 254, § 169. The plaintiff is between 35 and 40 years of age, resides with his step-mother the owner of a house and farm and who has a family consisting of eight persons, and transacts the necessary business of the family. The plaintiff requested the court to charge the jury that under the above circumstances he *should* be deemed a *householder* within the meaning of the statute. The court declined to do so, and on the contrary submitted the question, whether the plaintiff should be deemed a householder, to the jury, who found a verdict for the defendant, on which judgment was entered. The plaintiff having tendered a bill of exceptions, sued out a writ of error.

*T. Lawyer*, for plaintiff in error.

*J. C. Wright*, for defendant in error.

*By the Court*, BRONSON, J. The statute declares that "the following property when owned by any person being a householder," shall be exempt from execution, and after enumerating various articles, adds—"all necessary wearing apparel, beds, bedsteads and bedding for such person and his family." 2 R. S. 254, § 169. The word "householder," in this statute, means the head, master, or person who has the charge of and provides for a family, and does not apply

to the subordinate members or inmates of the household Mrs. Bowne was evidently the head of this family and the plaintiff cannot maintain the exemption of his cloak on the ground that he was a householder.

Although the exemption extends to apparel for the family, it is only when the property is owned by the householder or head of the family. Such is the language of the statute, and there is no reason for giving it a broader construction. The husband, father, mother, or other person who takes the charge and provides for the wants of others living with him, may be regarded as the owner of the apparel which he furnishes for their use ; and such apparel, as well as that worn by the head of the family, is exempt from execution. The plaintiff was near 40 years old, and purchased his own clothing. The particular terms on which he lived in the family does not appear. He probably received his board, and perhaps some other compensation for the services he rendered. The exemption cannot be extended to his clothing upon any ground which will not make the provison nearly or quite universal, for most persons live in some family. Had the legislature intended to exempt necessary wearing apparel in all cases as the plaintiff contends, the provision would not have been limited to property " when owned by any person being a householder." It is stated in the case that the cloak was purchased and owned by the plaintiff. If the fact were otherwise, or if there was any thing in the relation between the plaintiff and Mrs. Bowne which would extend the exemption to this case, the burden of showing it lay upon him. *Van Sickler* v. *Jacobs*, 14 Johns. R. 434. The case of *Hall* v. *Penny*, 11 Wend. 44, only proves that this statute should receive such a liberal construction as will give effect to the intention of the law-makers. It was designed for the protection of poor and destitute families, *Woodward* v. *Murray*, 18 Johns. R. 400, and not for the benefit of one who is neither a householder nor dependent on a householder for his support.

The view I have taken of the case renders it unnecessary to examine the other questions made on the trial.

Judgment affirmed.