# Pippin & Wife v. Jones & Co.

*Action against Husband and Wife under § 2376, Rev. Code.*

1. *Separate estate; when liable for articles of comfort and support of household.* — It is indispensable to the maintenance of a proceeding, under the Code, to subject the statutory separate estate of the wife, for articles of comfort and support of the household, &c., that the estate should have had an existence at the making of the contract, continuing up to the institution of the suit.

2. *Married woman; capacity to purchase lands.* — The purchase by a married woman of her ancestor's land, under a decree in chancery for division, confers upon her a statutory separate estate, at least, until she elects to repudiate it in a proper way.

3. *Same; improper mode of electing to repudiate purchase.* — Setting up as a defence against a proceeding to condemn the land for articles of comfort, &c., the wife's incapacity to purchase it, is not a proper mode of manifesting her election.

4. *Evidence; separate estate shown by recitals in mortgage thereof.* — If husband and wife]mortgage such lands to the sureties on her notes for the purchase-money

[Pippin v. Jones.]

thereof, reciting such sale, her purchase, and that the mortgage is given to indemnify such sureties, such mortgage is admissible evidence to show a separate statutory estate in her to the lands therein conveyed.

5. *Separate estate; liable for necessaries furnished family servants.* — Servants necessarily employed and residing in the family are part of the "household," within the meaning of the statute, and necessaries purchased for them can be charged upon the wife's statutory separate estate.

APPEAL from the Circuit Court of Greene County.

Tried before Hon. LUTHER R. SMITH.

This was a suit commenced on the 10th day of March, 1871, by appellees against appellants, on an account for goods, wares, and merchandise sold during the year 1869, including the month of January, and it was sought to subject the statutory separate estate of the appellant Mrs. Pippin, wife of George Pippin, to payment of said account, on the ground that the goods, wares, and merchandise were articles of comfort and support of the household, and suitable to the degree and condition of the family and for which the husband would be liable at common law. The evidence showed that the articles sold to appellants were of such a character, except a portion, which were objected to because purchased for the use of the servants belonging to the household. It was admitted by appellants (defendants) that they were married in 1860 in Alabama. The plaintiffs (appellees) offered in evidence a mortgage executed by appellants on the 18th day of February, 1869, reciting that the appellant, Mrs. Sarah Pippin, became the purchaser of certain lands therein described, sold by E. D. Willett, register in chancery, for the sum of $2,324, for which she executed her promissory note on the 26th of October, 1867, with the mortgagees as her sureties, and conditioned to hold said mortgagees harmless, &c. Defendant Sallie E. Pippin objected to the introduction of the mortgage, because it was irrelevant and incompetent testimony, and because it did not show a separate estate in her under the Code of Alabama in the lands mentioned, at the time this suit was brought; her objection was overruled by the court, and she excepted. It was also proved that said lands had formerly belonged to Sallie E. Pippin's deceased father; that they were sold by said register for division among the heirs of said decedent, in the fall of 1867; that defendants went into immediate possession and continued in such possession up to the time of trial in this cause; that said note was paid and taken up by one of the sureties, and a part of the debt was paid back to the sureties, out of the distributive share of defendant Sallie E. Pippin. There is no evidence of any conveyance of the legal title to said lands ever having been made by the register to the defendants or either of them; the description of the lands in plaintiffs' complaint corresponds with the description in the mortgage.

VOL. LII.

[Pippin v. Jones.]

The court charged the jury " That if the articles mentioned in said account were reasonably worth the amounts charged, and were purchased by the defendants for the use and benefit of the family and household, and so used by them, and the goods were sold to defendants by plaintiffs in the year 1869, and were for articles of comfort and support of the household, suitable to the degree and condition in life of the family of the defendants, and for which the husband could be responsible at common law, then the separate estate of Sallie E. Pippin is liable therefor; that if, from the evidence in the cause, they believe the property set forth in the plaintiffs' complaint was her separate estate under the Revised Code of Alabama, at the time the articles were purchased, and at the time this suit was brought, then plaintiff was entitled to recover in this action for said goods the amount they were reasonably worth, with the interest from the time the same was due to the time of trial, that for articles purchased for and used in carrying on the farm the defendants were not liable, nor for any articles purchased for the exclusive use of the household, but for articles purchased by defendants for the use of a servant of the household, and used by the servant, defendants were liable, if an article of comfort and support of the household and suitable to their rank and condition in life and for which the husband would be responsible at common law." Defendants excepted to this charge, and requested the court to charge, 1st. If the jury believe the evidence, plaintiffs are not entitled to recover; 2d. If the jury believe the evidence, plaintiffs are not entitled to recover of Sallie Pippin; 3d. Plaintiffs cannot recover for articles sold for the use of the servants of the family; nor for any articles sold defendants during the month of January, 1869, as against Sallie Pippin. Each of said charges was refused, and defendant Sallie E. Pippin excepted, and she here assigns for error the giving the first charge and the refusal to give the charges requested.

W. COLEMAN, for appellants. — It was necessary to aver and prove a separate estate in the wife, both at the date of the contract and the commencement of the suit. *Ravesies & Wife* v. *Stoddard*, 32 Ala. 599. The facts do not show a separate estate in Sallie E. Pippin, at either of said dates; her purchase and execution of the notes did not make her liable; 29 Ala. 668. No separate estate owned by her at the time of the purchase could have been made liable therefor. 29 Ala. 668; 45 Ib. 337; 33 Ala. 175. The legal title was not conveyed to her, and at most she had but an equity to have the lands sold to repay to her the sum paid her surety out of her distributive share of her father's estate. 35 Ala. 727. The land was liable to

the mortgage; 48 Ala. 226; and after the law-day it divested the title out of appellees.

A married woman's separate estate is not liable for necessaries furnished servants of the family; it is not liable even for articles purchased for her husband. 31 Ala. 442.

CRAWFORD & MOBLEY, *contra.*

BRICKELL, C. J. — It is the accepted construction of the statutory provisions, rendering a wife's separate estate liable " for articles of comfort and support of the household," and prescribing an action at law, as a remedy to enforce the liability, that thereby the capacity of the wife to contract is not enlarged, nor is her personal liability to suit and judgment at law increased. As to the wife, the suit at law is rather a proceeding *in rem* than *in personam.* The judgment rendered, as to her, ascertains and concludes no fact except that she has a separate estate, subject to its satisfaction. It is of consequence a rule of pleading, that to support the proceeding, the existence of this estate must be averred, and that it may be known on what the judgment is to operate, it must be described. The separate estate being an indispensable element of the proceeding, it must exist when the contract is made, out of which its liability arises; and its existence must continue to the institution of suit. If when the contract is made, the estate does not exist, the liability cannot arise; and if it is exhausted or from any cause ceases to exist before institution of suit, there would be no foundation for a judgment as to the wife. This appears to. be the reasoning on which the court has often declared that, to support the suit, it must appear from the complaint that the wife had a statutory separate estate, at the making of the contract, continuing to the commencement of suit. *Henry* v. *Hickman,* 22 Ala. 685; *Cunningham* v. *Fontaine,* 25 Ala. 644; *Durden* v. *McWilliams,* 31 Ala. 438; *Sprague* v. *Daniels,* Ib. 444; *Ravesies* v. *Stoddard,* 32 Ala. 599; *Childress* v. *Mann,* 33 Ala. 206.

The complaint in this cause conforms strictly to this rule. On the trial to support the averment that the wife had a statutory separate estate in the lands described in the complaint, the plaintiff offered in evidence a mortgage executed by husband and wife in 1869, reciting that in 1867 the wife had purchased the lands at a sale made under a decree in chancery, and conveying them to her sureties for the purchase-money, to indemnify them against loss. The account on which the suit is founded was contracted in 1869, partly before, and partly after the mortgage. To the introduction of the mortgage as evidence, the appellants objected because it did not show or tend to show

[Dickson v. Frisbee.]

the estate of the wife in the lands was a statutory separate estate. The objection was overruled. Subsequently evidence was given, that the father of the wife died seised of the lands, and they descended to his heirs; that to effect a division, a sale was made by a register in chancery, at which the wife became the purchaser; that she gave a note for the purchase-money, with two sureties, one of whom soon after the making of the mortgage paid it, and has not been reimbursed. The husband and wife, on the purchase in 1867, entered into possession, and remained in possession to the time of the trial. It is insisted the wife had not capacity to make the purchase, and that of consequence she acquired no estate in the lands. Without affirming or disaffirming her capacity to make the purchase, we are satisfied it conferred on her a statutory separate estate, which remains until she shall by some proper proceeding elect to repudiate it. A defence of this suit, is not the proper mode of manifesting that election. If such a defence should be entertained, the consequence would be that she would remain in possession of a valuable estate, her husband taking its rents and profits, and her creditors, who have supplied her and her family with the necessaries of life, set at defiance. In this suit, and for all its purposes, she must be deemed to have in the lands a statutory separate estate, and so the circuit court correctly ruled.

Some articles in the account seem to have been purchased for servants in the family. These, it is insisted, are not properly chargeable on the wife's statutory estate. Servants necessarily employed and residing in the family (and the necessity for their employment was not mooted on the trial) are a part of the "household," within the meaning of the statute. Necessaries supplied them can be charged on the wife's estate.

There is no error in the record and the judgment is affirmed.