## SEARCY v. SHORT.

EXEMPTIONS. *Head of a family.* To entitle a party to claim exemptions of personal property as the head of a family he must have a home, a family circle at that home of one or more under his control. That home may be the occupation of an entire house, or it may be a single room.

### FROM HUMPHREYS.

Appeal in error from the Circuit Court of Humphreys County. J. E. RICE, J.

J. A. CARTWRIGHT for Searcy.

McADOO & LANIER for Short.

FREEMAN J., delivered the opinion of the court.

This suit is brought to recover the value of certain articles of personal property, such as are exempt

from sale under legal process for debt, in the hands of the head of a family.

The only question in the case was whether plaintiff, under the facts, was the head of a family, and as such entitled to the exemptions of the statute.

The proof tended to show that he had married twice, but had lost his last wife some years before; that he had a son twelve or fourteen years old who had resided for perhaps a year, when the property was seized, in a different county—had worked on a farm there one year—had been probably at school part of the time. The plaintiff owned a farm, but had rented it for several years to a third party, leaving the various articles in dispute in the house in care of the tenant. They consisted of beds, furniture, etc. He was a dancing master, and spent most of his time at different places where he could find pupils to teach this so-called accomplishment; was absent, probably, in Kentucky when the property was levied on; was no doubt a citizen however of the State. Plaintiff swears he reserved a room in the house for his own use, but his own witness, the tenant, denies this, and says he only left the articles of furniture in the house under his care. The plaintiff habitually returned to Humphreys county, sometimes staid with his tenant, sometimes with a neighbor.

His Honor's charge necessarily, on these facts, gave a verdict for plaintiff, for he told the jury definitely "if the plaintiff had been married, and had a minor child he was the head of a family." This he repeats in the conclusion of his charge, and emphasized

that if he had been married, and had a minor child living at the time of the seizure of the property, these facts would constitute him the head of a family.

This is certainly error.  It may not be perfectly easy to give a definition that shall include all who may be regarded as heads of families under our statute. As has always been held by this court, the statutes on the subject should be liberally, construed in favor of the parties intended to be protected by it, and in aid of its laudable purpose, but still we cannot by construction stretch the language used to reach those clearly not included in any fair meaning of the language.

In *Bachman* v. *Crawford,* 3 Hum., 215, a widow who had gone with her children to live with her father, who owned land, and permitted her children to cultivate such land as they chose, was held to be the head of a family.  This was clearly correct.  Judge Green, in the opinion in this case, in defining the head of a family, goes on the idea that the party must have a family circle, that is, wife or child or other similar relations at a place of residence, within his own home or house, or in some one else's house over whom he or she exercises the control, and over which he has the direction as the head.  The very idea of a family is plural—carries with it the notion of more than one—and such parties occupying a peculiar social relation to each other.  There must be a home, a family circle at that home of one or more under his control; that home may be the occupation of an entire house, or it may be of a single room; if

his family are there habitually with him or usually with him, this is his home and that of such family as he has.

The provisions of the statute point to the idea involved in the parties protected, in the nature of the articles exempt, and the additional provisions made for additional children. First, for instance, two beds and bedsteads and necessary clothing for each, and for each three children of any one family an additional bed, bedstead, clothing, etc. These and other provisions involve the idea of a place of residence where the head of the family sleeps, and where his children or other members of household stay, and need the beds and bedsteads exempted. This place, as we have said, may be in the house of another, but we would say the residence of his family must be there, and he or she so living there, not simply as boarders using the furniture and utensils of another, but so living as to require the articles exempt to answer the demands of his mode of life. In the case cited by Judge Green from New York, 19 Wend., 475, it was held, that a man thirty-five years of age, residing with a stepmother, with no wife or child, was not a householder— certainly he was not the head of a family. The general idea of the opinion we refer to, and which we have partly stated, will serve to guide to a proper charge in reference to the facts of this case on another trial.

It suffices that the charge of his Honor is clearly erroneous, and the case must be reversed, as it is not true that every man who has been married, and has

a minor child living, is the head of a family. That child may be a part of the family of another, as of its grand parents, who may have assumed to occupy the position *loco parentis* as to such child.

Reverse the case and remand for a new trial.