Delamater *et al.* agt. Byrne.

---

## SUPREME COURT.

CORNELIUS H. DELAMATER *et al* agt. P. H. BYRNE.

*Undertaking on appeal to court of appeals — sufficiency of — What constitutes a householder — Code of Civil Procedure, sections* 812, 1326.

A *surety*, upon an undertaking given on an appeal to the court of appeals, pursuant to section 1326 of the Code of Civil Procedure, who is engaged in the milling business, and who rents and occupies a mill within the the state and owns the machinery therein, is to be deemed a "householder," within the meaning of section 812 of the Code of Civil Procedure, and is sufficient for the purpose of the undertaking.

*Special Term, November*, 1879.

*William Sparks*, for plaintiffs and respondents.

*Charles G. Cronin*, for defendant and appellant.

AN appeal to the court of appeals was taken by the defendant in this case from an order of the general term affirming an order of the special term.

Delamater *et al.* agt. Byrne.

An undertaking was given on such appeal under section 1326 of the Code of Civil Procedure, with two sureties. The sureties having been excepted to they justified upon notice, when it appeared that one was the owner of real estate in Oneida county, in this state, and the other was a resident of Brooklyn, unmarried, without immediate relatives and boarded; it further appeared that he was engaged in the milling business in Brooklyn, where he leased a mill, the machinery in which he owned.

This surety was objected to by plaintiffs after justification, on the ground that he was neither a " freeholder or householder within the state," within the meaning of section 812 of the Code of Civil Procedure.

It was insisted for the plaintiff that the surety was not sufficient under section 812 of the Code of Civil Procedure (*Blood* agt. *Wilder*, 6 *How.*, 446; *Griffin* agt. *Sutherland*, 14 *Barb.*, 456; 1 *Bouv. L. Dict.*, 673; *Woodward* agt. *Murray*, 18 *John.*, 400; *Browne* agt. *Witt*, 19 *Wend.*, 475).

It was claimed for the defendant and appellant that the surety was sufficient for the purpose of the undertaking; that the costs of the court of appeals in no event would exceed $200. That there was a distinction between a householder under the Revised Statutes (3 *R. V.*, 626), and a householder under the Code, for the purpose of bail. That under the Revised Statutes the intent was to protect the head of a family from execution against certain " household " articles, while the intent of the provision of the Code was to secure the continuance of residence within the state, citing *The Somerset Savings Bank* agt. *Huyck* (33 *How.*, 323).

And that the sufficiency of sureties on appeal is purely within the discretion of the judge to whom the undertaking is submitted for approval, citing 57 *Howard*, 170.

After advisement judge VAN VORST held the justification sufficient and approved the undertaking.