HARRISON CHAMBERLAIN, PLAINTIFF, *v.* ADELBERT E. DARROW, AS SHERIFF, ETC., DEFENDANT.

*Action for the conversion of personal property — when the possession by a husband, of property of his deceased wife, will not sustain a recovery by him as against a wrong-doer — words " being a householder or having a family for which he provides," as used in sections 1390 and 1391, of the Code of Civil Procedure, construed.*

This action was brought for the alleged conversion of certain personal property, consisting of a horse, cow and heifer, and some farming utensils and growing crops, by the defendant, a sheriff, who alleged, by way of justification, a levy upon and sale of the property in July, 1886, under an execution issued upon a judgment recovered against the plaintiff. Evidence given upon the trial tended to prove that the cow and heifer in question belonged to the wife of the plaintiff up to the time of her death, in December, 1885, and continued in his custody or possession down to the time of the levy and sale, and that notice of these facts was given to the defendant by the plaintiff prior to the sale.

*Held,* that as the contest was by the plaintiff individually,. and not as the personal representative of his wife, he was not entitled to a judgment against the defendant, as a wrong-doer, upon the ground that he, the plaintiff, was, at the time of the action, possessed of the property.

The death of his wife left the plaintiff without a family, and he so remained until after the sale in question. The wife of an adult son of the plaintiff, who resided a few miles distant, occasionally, and as the evidence tended to prove, weekly came to the plaintiff's house, did washing, baking and such things as were required to put the house in order, her children coming with her and usually remaining there over night, and sometimes two nights, but still residing at the house of the husband, who provided for her.

*Held,* that the plaintiff was not a householder, nor did he provide for a family, within the meaning of sections 1390, 1391 of the Code of Civil Procedure.

FIFTH DEPARTMENT, OCTOBER TERM, 1887.

MOTION by the plaintiff for a new trial on exceptions taken at the Cattaraugus Circuit and ordered to be heard at General Term in the first instance.

The action was brought for the alleged conversion of personal property consisting of a horse, cow and heifer, some farming utensils, growing crops, etc. The defendant alleged, by way of justification, the levy and sale of the property by virtue of an execution issued upon a judgment in favor of one Murphy against the plaintiff. Amongst the property so levied upon was some standing grass on the plaintiff's premises which was also sold after it was cut. The court directed judgment for the plaintiff for the value of the grass, and held that the plaintiff was not entitled to recover for the taking and sale of any of the other property. To such ruling and to the refusal of the court to submit to the jury the question in respect to his right to recover for the alleged conversion of such other property plaintiff excepted.

*E. D. Northrup*, for the plaintiff.

*T. H. Dowd*, for the defendant.

BRADLEY, J.:

The evidence tends to prove that the cow and heifer in question belonged to the wife of the plaintiff up to the time of her death, in December, 1885, and of that fact he gave the defendant notice prior to the sale. This levy of the execution was made July 17, 1886. The cow and heifer were then in the custody or possession of the plaintiff. And it is contended that on the assumption that the property was the estate of his deceased wife, the possession of the plaintiff enabled him to recover for the taking and conversion of it within the rule that, as against a wrong-doer or a party who is a stranger to the title, the lawful possession is sufficient to support an action. (*Duncan* v. *Spear*, 11 Wend., 54; *Stowell* v. *Otis*, 71 N. Y., 36; *Wheeler* v. *Lawson*, 103 N. Y., 40.) But this proposition as applied to an action for the conversion of property rests upon the ground that the plaintiff bringing it has some property general or special in the subject of the action. (*Faulkner* v. *Brown*, 13 Wend., 63; *McLaughlin* v. *Waite*, 9 Cow., 670; *Scofield* v. *Whitelegge*, 10 Abb. N. S., 104.) And his possession is evidence of such property in him, and the right of recovery cannot be

defeated by showing title in another unless the defendant in some manner connects himself with it. (*Hoyt* v. *Van Alstyne*, 15 Barb., 568; *Wheeler* v. *Lawson, supra.*) The doctrine applicable in such cases is, that while possession of the plaintiff is *prima facie* evidence only of the requisite property in him to maintain the action, it is practically conclusive of such right as against a wrong-doer or intruder having no right as against the plaintiff or in the title derived from another having it. Here, however, the defendant was lawfully proceeding to take the property of the plaintiff subject to levy, and as against him the plaintiff cannot assert his right of property of which his possession was the *prima facie* evidence. And there is no other ground upon which he can maintain the action. The defendant, as against him, is not a wrong-doer or a stranger to his right of property, although such right was merely that which the bare possession gave to him. Treating him as an executor *de son tort* the plaintiff could not maintain an action in a representative capacity and make the title which his wife had at the time of her death available as against the defendant. This right on the assumption that the property then was hers, is in her personal representative, which relation the plaintiff in this action does not appear to have, but the contest is simply one between him, individually, and the defendant, who sought to charge the plaintiff's property in execution against him. The action, therefore, has no support in the fact that the property belonged to the estate of Mrs. Chamberlain, deceased, although as against her personal representative the defendant may have been a wrong-doer in taking and selling the property, and liable.

The other question is whether the plaintiff was a householder or had a family for which he provided within the meaning of the statute at the time the levy was made by the defendant. If he was such, some of the property in question was exempt from levy and sale upon the execution and the plaintiff was entitled to recover. (Code Civil Pro., §§ 1390, 1391.) The death of his wife left the plaintiff without a family, and he so remained until after the sale in question. The wife of his adult son, who resided a few miles distant, occasionally, and there is evidence tending to prove weekly, came to the plaintiff's house, did washing, baking, and such things as were required to put the house in order; that her children came with her and they usually remained there over night and some times two

nights while she was engaged as before mentioned, but she and the children resided with her husband at his home, and the latter provided for them. The plaintiff did not provide for them and they were not his family. The term householder as used in the statute has a very well defined meaning, and imports the master or head of a family who reside together and constitute a household. And the statute is entitled to a liberal construction with the view to effectuate its purpose, which is the protection of families against being by the process of execution divested of the necessaries for support, which the exempted articles may furnish and provide the means to supply. ( *Woodward* v. *Murray,* 18 Johns., 400; *Bowne* v. *Witt,* 19 Wend., 475; *Griffin* v. *Sutherland,* 14 Barb., 456; *Kneettle* v. *Newcomb,* 22 N. Y., 249, 252; *Cantrell* v. *Conner,* 51 How., 45.) And it has been held that a person living in a hired house and keeping servants and boarders is a householder. (*Hutchinson* v. *Chamberlin,* 11 N. Y. Leg. Obs., 248.)

The difficulty in the defense of the case at bar is, that while the plaintiff had a house in which he resided, he had no family or persons there or elsewhere for whom he provided or who constituted a household; he therefore came within neither alternative. He was not a householder nor did he have a family for which he provided. The situation for exemption was not one of temporary suspension merely, because there were no persons anywhere, who could be treated as members of his family, to return to his house to live, or who were dependent upon him. So far as appears his children were adults and had homes of their own. The purpose for which his daughter-in-law came there was to aid him temporarily only from time to time, and was not more effectual to make a household than would occasional visits of neighbors. The most liberal interpretation of the legislative purpose that can be given to the statute of exemption does not seem to place the plaintiff within its provisions.

The motion for a new trial should be denied and judgment ordered upon the verdict.

SMITH, P. J. and CHILDS, J., concurred.

Motion for new trial denied and judgment ordered for the defendant on the verdict.