[No. 2033. Decided December 4, 1895.]

PETER PETERSON, *Appellant*, v. C. E. BINGHAM *et al.*, *Respondents*.

EXEMPTIONS — UNMARRIED MAN — CONSTRUCTION OF STATUTE.

The term "householder" in Code Proc., § 486, subd. 4, making certain exemptions in favor of householders, has reference to the head of a family, notwithstanding the language used in § 481, which provides for exemptions in certain cases to "any householder, being the head of a family."

Appeal from Superior Court, Skagit County.—Hon. HENRY McBRIDE, Judge. Affirmed.

*Million & Houser*, for appellant.
*Sinclair & Smith*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This action was brought by the appellant against the respondents Bingham & Holbrook,

and W. E. Perkinson, as sheriff of Skagit county, for the value of a certain quantity of hay sold by the said sheriff at the instance of respondents Bingham & Holbrook upon a judgment in their favor against appellant, the claim of appellant being that the property so sold was exempt under subd. 4 of § 486 of the Code of Procedure.

The pertinent allegations in the complaint were that at all times therein mentioned the plaintiff was and had been, and then was, an unmarried man; that for more than five years last past as a bachelor and single man he had been living in a house of his own and alone, and with no other person than himself; that he did not contribute to the support of any person and had no person living with him and depending on him for support. A demurrer was interposed to this complaint, which was sustained by the trial court. The plaintiff electing to stand upon his pleading, judgment was entered for the defendants. So that it will be seen that the only question raised is the question of the construction of said § 486.

It is urged by the appellant that the term "householder," used in said section, is not to be construed in its strict sense and meaning as synonymous with "head of a family," as is done in a great many of the other statutes, because § 481 of the same act, in using the word "householder," provides that "any householder being the head of a family is entitled to a homestead," etc. The term "householder" is so well understood and so uniformly defined, that it seems to us that more would have been required by the legislature to change its recognized meaning than the mere addition of the words quoted; for, under the established authorities, the householder was the head of a family, and the use of these words was simply the use

of surplusage on the part of the legislature. Webster defines a householder as "the master or head of a family; one who occupies a house with his family." In 9 Am. & Eng. Enc. Law, p. 783, the term householder is defined to be "the head or master of a family; a person who occupies a house and has charge of and provides for a family therein;" citing in support of that definition: *Woodward v. Murray*, 18 Johns. 400; *Bowne v. Witt*, 19 Wend. 475; *Aaron v. State*, 37 Ala. 113, and *Carpenter v. Dame*, 10 Ind. 125. An unmarried man keeping house with no children or dependents living with him is not entitled to exemptions. Waples, Homestead and Exemption, p. 80.

The primary object of exemption laws is to protect the helpless and to provide subsistence for those who cannot provide it for themselves. To do this it becomes necessary to provide an exemption for the head of a family, whether we use the word "family" in its ordinarily accepted meaning of kinship or as an aggregation of persons, where one of the persons is the bread-winner for the rest. The very suggestion of a homestead exemption raises this idea, and while we do not decide that there are no exemptions for unmarried men or women, or men and women who have no one dependent upon them for support, yet so far as the word "householder" is concerned, which is the only word we are called upon to construe in this case, as we have before said, we think its meaning is so well established that it cannot be varied, enlarged or limited by the presumption that the legislature meant to use the word in a particular sense, when in addition to the word "householder" they used its synonym.

The judgment will therefore be affirmed.

HOYT, C. J., and ANDERS, GORDON and SCOTT, JJ., concur.