## JONES v. GLASS ET AL.

1. **Husband and Wife:** LIABILITY OF WIFE. The wife is personally liable with her husband for the expenses of the family, and a personal judgment may be rendered against her therefor, in a joint action against her and her husband, notwithstanding the husband may have been discharged in bankruptcy.

*Appeal from Winneshiek Circuit Court.*

SATURDAY, APRIL 20.

ACTION upon account against a husband and wife for family expenses. The indebtedness was contracted by the husband, the defendant James Glass, in 1871. Afterward he was discharged in bankruptcy. The court rendered judgment against the wife, the defendant Louisa Glass, and she now appeals.

*Charles P. Brown,* for appellant.

*E. E. Cooley,* for appellee.

ADAMS, J.—The appellant contends that, under the Revision of 1860, the wife did not become personally liable for

**1. HUSBAND and wife: liability of wife.** family expenses where the indebtedness was contracted by the husband. The provision upon this subject is to be found in section 2507, and is in these words: "The expenses of the family * * * * * * * * * are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly, or the husband separately." This is substantially the same as section 2214 of the Code, except that the latter provides that either may be sued separately. Under the Code this court has held that the wife is personally liable. *Smedley v. Felt,* 41 Iowa, 588; 43 Iowa, 608. If she was not personally liable under the Revision, her personal liability under

the Code must result from the provision that she may be sued separately. But we understand this provision to relate to a mere matter of practice. We do not think it should determine the character of the judgment as personal or otherwise. If a personal judgment can be rendered against her when sued separately, we think it might when sued jointly with her husband. The question presented to us in this case, therefore, seems to us to be substantially determined by *Smedley v. Felt*, above cited.

But it is urged that a joint action cannot be maintained, because the husband has been discharged in bankruptcy, and that under the Revision, which was in force when the debt was contracted, none but a joint action can be maintained. If, however, the change made by the Code is designed merely to regulate the practice, and does not affect any substantial right, then the Revision would not control the form of action in that respect. We think that the wife became personally liable, and that, at the time the action was brought, she was subject to be sued separately. If so, an action can be maintained against her, notwithstanding her husband's discharge.

AFFIRMED.