LILLIAS P. HAYDEN, IMPLEADED, ETC.,
v.
THEODORE S. ROGERS.

*Husband and Wife—Personal Liability of Wife for Family Expenses.*

Sec. 15 of the act in relation to husband and wife, imposes upon the wife a personal liability for indebtedness incurred for the expenses of the family, and not merely a charge upon her property to be enforced by proceedings *in rem.*

[Opinion filed June 8, 1887.]

IN ERROR to the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. ALLAN C. STORY, for plaintiff in error.

Mr. ELMER W. ADKINSON, for defendant in error.

BAILEY, J.   In this case Theodore S. Rogers brought suit against Charles E. Coburn and Lillias P. Hayden to recover the amount of an account for meat and poultry sold and delivered by the plaintiff to the defendants.   Defendant Coburn was defaulted, and upon a trial as to the other defendant, the issues were found for the plaintiff and his damages were assessed at $329.54, for which sum and costs judgment

was rendered against both defendants. Defendant Lillias P. Hayden brings the record to this court by writ of error.

At the time said account accrued, the defendants were husband and wife, said Lillias P. Hayden having since that time obtained a divorce from said Coburn and married one Harvey S. Hayden. It appears that said meat and poultry were sold by the plaintiff to the defendants to be used in their family while they were living together as husband and wife, and the suit was brought under the provisions of section 15 of the statute in relation to husband and wife which is as follows:

"The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

The defense sought to be interposed by Mrs. Hayden was based upon the theory that this statute imposes no personal liability upon the wife for family expenses, but merely creates a charge upon her property which can be enforced only by proceedings *in rem* against such property as she was owning at the time the indebtedness was incurred. We are of the opinion that such is not the proper construction of the statute, Independent of its provisions the husband is personally liable for indebtedness incurred for the expenses of the family, and the statute, by providing that the wife may be sued jointly with him in respect to such indebtedness, necessarily imposes upon her a liability precisely commensurate with his. The liability, therefore, imposed upon her, is necessarily a personal liability, for upon no other principle can effect be given to this provision of the statute.

It may also be observed that the section above quoted was adopted by our Legislature from the Code of Iowa, and that the Supreme Court of that State has placed upon it the same construction above indicated. Smedley v. Felt, 43 Iowa, 607; Smedley v. Felt, 41 Iowa, 588; Jones v. Glass, 48 Iowa, 345; Marquardt v. Flaugher, 60 Iowa, 148.

We find no error in the record and the judgment will, therefore, be affirmed.

*Judgment affirmed.*