ABBIA M. GEORGE, APPELLANT, V. T. EDNEY ET UX., APPELLEES.

FILED APRIL 11, 1893.    No. 4444.

1. **Married Women:** LIABILITY FOR NECESSARIES FOR FAMILY.  Under the provisions of section 1, chapter 53, Compiled Statutes, which declare "that all property of a married woman not exempt by law from sale on execution or attachment shall be liable for the payment of all debts contracted for necessaries furnished the family of said married woman after execution against her husband for such indebtedness has been returned unsatisfied," the wife is in fact surety for her husband and judgment must be recovered against her before her separate estate can be levied upon and sold for such necessaries.

2. ———: ———: PLEADING.  If from the facts stated in a petition it appears that the plaintiff is entitled to any relief, a general demurrer will not lie.

APPEAL from the district court of Buffalo county.  Heard below before HAMER, J.

*Greene & Hostetler,* for appellant.

*F. L. Huston* and *Evans & Thompson, contra.*

MAXWELL, CH. J.

A general demurrer to the petition was sustained in the court below and the action dismissed.    The petition is as follows:

"The plaintiff complains of the said defendants and says that said defendants are husband and wife; that on the 17th day of December, 1889, plaintiff obtained a judgment against the said T. Edney in the court of James Nichols, justice of the peace in and for Buffalo county, for the sum of $200; that said judgment was for necessaries furnished by plaintiff's husband, T. Q. George, to said T. Edney, and used in the said family of T. Edney; that said account was duly assigned to this plaintiff before the action was commenced; that after the rendition of said judgment plaintiff procured an execution to be issued against said T. Edney, which said execution was placed in the hands of E. A. Cutting, a constable in said county, and was by him returned unsatisfied for the reason that no goods or chattels or other property of said defendant could be found on which to levy; that said defendant T. Edney has no real estate or other property on which a levy can be made in the state of Nebraska; that said defendant Ida M. Edney, the wife of the said defendant T. Edney, is the owner in fee of the following real estate situated in the county of Buffalo, and state of Nebraska, to-wit: the north half of lots 326 and 327, in school section addition to the city of Kearney, Nebraska. Plaintiff therefore prays the court that said judgment be declared a lien upon said real estate, and that the said land may be sold to satisfy same, and for such other and further relief as may be just and equitable."

Sec. 1, chap. 53, Comp. Stats., provides: "The property, real and personal, which any woman in this state may own at the time of her marriage, and the rents, issues, profits, or proceeds thereof, and any real, personal, or mixed property which shall come to her by descent, devise, or the gift of any person except her husband, or which she shall acquire by purchase or otherwise, shall remain her sole and separate property notwithstanding her marriage, and shall not be subject to the disposal of her husband or liable for

his debts; *Provided,* That all property of a married woman not exempt by law from sale on execution or attachment shall be liable for the payment of all debts contracted for necessaries furnished the family of said married woman after execution against the husband for such indebtedness has been returned unsatisfied for want of goods and chattels, lands and tenements whereon to levy and make the same." In other words, the wife is made surety for her husband for the payment of all " necessaries furnished the family of said married woman." She is to be treated like any other surety and must have her day in court before a judgment can be recovered against her. She may be able to show that the goods furnished were not necessaries for the family, or that they were sold upon the exclusive credit of her husband, or she may plead and prove any fact that will show her exemption from liability. This being so, her property cannot be subjected to the payment of the claim until judgment is recovered against her. The petition, however, does not entirely fail to state a cause of action. It does appear that judgment was recovered against the husband for necessaries for the family; that an execution has been issued thereon and returned unsatisfied; that Ida M. Edney is the wife of T. Edney and possesses the property described which it is in effect alleged is not exempt. This being so, a general demurrer will not lie. It does appear that the plaintiff is entitled to some relief from the defendants, and therefore it must be overruled. The petition must be amended, however, and judgment sought against the wife. Our attention has been called to the case of *Frost v. Parker,* 21 N. W. Rep. [Ia.], 507, where judgment was recovered against the husband alone for necessaries furnished to the family and an execution returned unsatisfied, whereupon, without a judgment against the wife, her property was subjected to the payment of the judgment. The Iowa statute is somewhat broader than ours, but we are unable to assent to the reasoning in that case or the conclu-

First Natl. Bank of Denver v. Scott.

sion reached. The wife certainly occupied the relation of surety for her husband, and was entitled to make any defense in her favor that was then in existence. This she seems to have been denied, which is a wide departure from the just rules that generally prevail in that able court. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.