Reed, P. J.,
delivered the opinion of the court.
Benton Canon, as plaintiff, on the 27th dajf of April, 1893, brought suit against W. S. and Jennie Kelly to collect the amount of two promissory notes made by W. S. Kelly alone, —one bearing date February 23,1889, for $318.05, with interest at one and one half per cent per month, and ten per cent attorney’s fee, upon which, the 15th day of May, 1889, a payment was made of $38.50; the second note for $33.48, bearing date February 1, 1890, interest and attorney’s fee same as in the former. Both notes were long overdue.
In regard to each note the following allegation is made in the complaint:
“ That the indebtedness for which said note was made and delivered was for the expenses of the family of said defendants, who were then, and now are, husband and wife.”
Service was had upon the defendants, who did not appear and defend. A default was taken against both and judgment entered against both for the sum of $625, which included interest at one and one half per cent per month, and attorney’s fees. Jennie Kelly brings the ease here for review by writ of error. The judgment against plaintiff in error must be reversed. She was not a party to the notes upon which the suit was brought, and the allegation in the complaint that the notes were given for goods for the family states no legal liability.
The statute making the expenses of the family and education of children chargeable to both husband and wife or either of them did not become a law until the summer of 1891. (See Sess. Laws, 1891, p. 238.) At the time the indebtedness was contracted and the making of the notes there was no such statute. No retroactive effect can be given to the statute to cover contracts made before its passage, hence the allegation in the complaint was of no importance.
Had there been such a statute, the original causes of action were. merged in the individual notes of W. S. Kelly, upon which the action was brought, and upon which judgment for *467 one and one half per cent and attorney’s fees was given. The wife, under the statute, could only be held for the original consideration on proof that the goods were furnished for the family.

Reversed.