MARY A. SMALL ET AL. V. C. M. SANDALL.

FILED MAY 6, 1896.   No. 5887.

1. **Names:** ACCOUNT.   In an action upon an account the plaintiff should sue in his Christian name, instead of his initial letters.

2. ———: OBJECTIONS: APPEAL.   Objection that a plaintiff has not sued in his full Christian name may be made at any time before judgment, even in the district court on appeal.

3. **Husband and Wife:** NECESSARIES: WIFE'S SEPARATE ESTATE.   Under section 1, chapter 53, Compiled Statutes, the wife is surety for her husband for the payment of debts contracted for necessaries for the family, but her separate estate is not chargeable until after a judgment has been obtained against the husband for such indebtedness, and an execution issued thereon returned unsatisfied.

4. ———: ———: ———.   *Held,* That the verdict is without evidence to support it.

ERROR from the district court of York county.   Tried below before WHEELER, J.

*G. W. Bemis,* for plaintiffs in error.

*Harlan & Harlan, contra.*

NORVAL, J.

This was a rehearing of the case reported in 45 Neb., 306.   The action originated in a justice court, and from a judgment against Mary A. Small she appealed to the district court, where a joint judgment was rendered against her and J. M. Bell, the surety on the appeal bond. Both prosecuted a petition in error, joining in the assign-

ments. Upon the former hearing the judgment was affirmed on a question of practice, namely, that a joint assignment of error in a petition in error by several parties, which is not well taken as to all who joined therein, will be overruled as to all. Having entertained a doubt whether the rule was correctly applied to the case at bar, a rehearing was allowed. Since which time, on motion of Bell, the proceedings were dismissed as to him; therefore, the question upon which the former decision turned has been eliminated.

Complaint is made that the plaintiff did not sue in his full Christian name, but by the initial letters alone. The action being upon an account, plaintiff's full Christian name should have been set forth. It was a misnomer not to do so. It is a defect or irregularity which may be waived, and will be so treated unless raised before judgment. (*Scarborough v. Myrick*, 47 Neb., 794, and cases there cited.) In the case at bar the question was raised before trial, by setting it up in the answer, which averment was, on motion of the plaintiff, stricken out. Plaintiff insists that this ruling was right for two reasons: First, the proper remedy is by motion to require the petition to be corrected in that regard; second, that the answer setting up the matter alluded to presented a new and different issue from the one tried in the justice court, where the action originated, which is not permissible. Undoubtedly the appropriate remedy is by motion, and it is the better practice to call the attention of the court to the defect in that mode, yet it may be raised by plea as well. (*Burlington & M. R. R. Co. v. Dick*, 7 Neb., 242.) Objection that a party plaintiff is designated by the initials of his Christian name may be made at any time before judgment, and the fact that it was not presented in the justice court constitutes no waiver. Permitting the question to be raised for the first time in the district court does not violate the rule which requires a defendant to try his cause upon the same defenses in the appellate court as in the court of original jurisdiction. The rule

has its exceptions; besides, it has reference to defenses interposed to the merits of the controversy. If a non-resident should bring his action in a justice court without giving security for costs, can there be any doubt that the defendant might for the first time demand that such security should be given while the cause was pending on appeal in the district court? Clearly not. So, too, we think, the defendant had the right to insist in the district court that the plaintiff amend his petition by setting forth therein his full Christian name, and the court erred in not requiring it to be done.

The judgment is erroneous for the further reason that it is not supported by the evidence. The action is on an account in favor of Oscar Froid, plaintiff's assignor, for two pairs of shoes, $4.50, for the children of Mr. and Mrs. Small, and 50 cents for repairing children's shoes. Froid charged the items to Mrs. Small, yet he testified that he did not know who got one pair, or who procured the repairing to be done, but does state that the other pair was obtained by the daughter of Mrs. Small. J. W. Small, the defendant's husband, testified, which is uncontradicted, that he went with his daughters to Froid's place of business and purchased the shoes and ordered the repairing on witness' own account, and that subsequently the bill was presented to him for payment. It is undisputed that Froid made out and gave to C. F. Rawalt for collection a bill against Mrs. Small for the items sued for, which Rawalt presented to Mr. Small for payment. Mrs. Small's testimony shows she never authorized either her husband or their daughters to purchase the articles in question. There is not a line of testimony to prove that the defendant either bought or ordered the goods, or procured the repairing to be done, or authorized any one else to do so on her account; hence she is not liable. There is evidence tending to show that the account was presented to the defendant and she agreed to pay it; but that does not make her liable, if in fact, as the evidence shows, the debt was her husband's, since the agreement

not being in writing was void, under the statute of frauds. The statute provides: "All property of a married woman not exempt by law from sale on execution or attachment shall be liable for the payment of all debts contracted for necessaries furnished the family of said married woman after execution against the husband for such indebtedness has been returned unsatisfied for want of goods and chattels, lands and tenements, whereon to levy and make the same." (Compiled Statutes, ch. 53, sec. 1.) While the items in this account, doubtless, were for necessaries furnished the family, that is no ground for a recovery in this case under the section quoted. The petition was not framed under the statute. There is no allegation therein that the account is for necessaries furnished the defendant's family, nor does it appear, by averment or otherwise, that a judgment has been recovered against Mr. Small upon which an execution has been issued and returned unsatisfied. Nor is Mr. Small a party to this suit. The statute makes the wife surety for the husband for necessaries furnished for the family, and her estate is not bound until a judgment has been obtained against the husband and an execution has been returned unsatisfied. (*George v. Edney*, 36 Neb., 604.) In no view of the case does the evidence sustain the verdict. The judgment will be reversed and the cause remanded, with instructions to permit the plaintiff, if he so desires, to amend his petition by setting forth his Christian name.

REVERSED AND REMANDED.