[No. 1796.]

## STRAIGHT v. McKAY.

HUSBAND AND WIFE—LIABILITY FOR FAMILY EXPENSES—CONTRACTS —LANDLORD AND TENANT.

Under section 3021*a*, 3 Mills' Ann. Stats., a wife's separate property is chargeable with the expenses of the family, and where a husband contracted with the owner for the lease of certain premises for a residence for his family, for the term of one year at a stipulated monthly rent, the wife would be liable for the rent as well as the husband for the time the premises were occupied by the family. But where the family abandoned the premises before the expiration of the term she is not liable for damage for a breach of the contract of lease, nor for damage to furniture in the house, done while it was occupied by the family. Her liability is strictly a statutory liability, and she is not liable on her husband's contract nor for damage for its breach. She can only be held for an indebtedness for something of which the family or some member thereof has had the actual benefit.

*Appeal from the County Court of Arapahoe County.*

Mr. D. E. STRAIGHT and Mr. JOSHUA GROZIER, for appellant.

Mr. CHARLES T. BROWN and Mr. EDMUND J. CHURCHILL, for appellee.

THOMSON, J.

This suit was begun before a justice of the peace, and went to the county court by appeal. That court gave its judgment to the defendant, and the plaintiff has brought the judgment here for review. There were no written pleadings, and the nature and limits of the plaintiff's claim must be sought in the evidence.

On the 15th day of March, 1897, the plaintiff and J. H. McKay entered into a written contract, whereby the former leased to the latter a dwelling house and the household fur-

niture which it contained, for the term of one year from the
1st day of April, 1897, at a monthly rental of $70.00; the
lessee agreeing also to pay all assessments for water rent
levied during the term of lease, as well as all charges for
heating and lighting the premises, and, at the end of the term,
to return the property in as good order and condition as it
was in when he received it.   The rent for April and May
was paid.   On the last day of May, the lessee and his family
vacated the premises, and there was no further payment of
rent.   The plaintiff was unable to procure another tenant
until the first day of the following September, when he leased
the property for $60.00 per month.   McKay did not pay the
water rent, or the charges for lighting the premises, and the
plaintiff paid a water bill of $18.00, and assumed a light bill
of $8.65.   During the occupancy of the premises under the
lease, the furniture, carpets and furnace were damaged to
the amount of $90.00.   The foregoing was all the evidence.
This suit was brought against Beulah McKay, the wife of
the lessee.   Recovery was sought for $90.00, the damage to
the furniture, etc., and $210, the rent for June, July and
August, the months during which the premises were idle.
In court, the plaintiff's claim, as stated by his agent, was
specifically confined to those items, so that the water and
light bills, and the reduction in rent to which the plaintiff
was compelled to submit, when the premises were finally let,
are not in the case.

It will be seen that the purpose of the action is the re-
covery of damages for breach of the contract of lease.   The
plaintiff bases his right to pursue the wife for those damages
upon the following statutory provision:  "The expenses of
the family and the education of the children, are chargeable
upon the property of both husband and wife, or either of them,
and in relation thereto they may be sued jointly or separately."
Session Laws, 1891, pp. 238, 239; 3 Mills' Ann. Stats.
sec. 3021a.   If we correctly understand the position of the
plaintiff, it is that the defendant is bound by all the cove-
nants and conditions of the contract of the lease, and that

her liability for a breach of those covenants and conditions is coextensive with that of her husband. She was not a party to that contract; the covenants and agreements it contained were not hers, so that her liability, whatever it may be, is not a contract liability. A right of action is given against her for debts which she may have no hand in creating, but those debts must be clearly within the purview of the statute. Either husband or wife may incur indebtedness for the family expenses, and for such indebtedness either or both will be liable. But outside of the expenses of the family and the education of the children, neither can impose an obligation upon the other. Food and clothing are family expenses, and so are luxuries purchased for the use of the family. Such expenses are not confined to necessaries, but to be family expenses they must be for things received by the family, or some member of the family. The family requires a house in which to live, and the rent of the house occupied by it, is part of the cost of living, and is a family expense. But the rent of a house which the family does not occupy is not a family expense. So long as the defendant and her husband lived in the plaintiff's house, the rent agreed to be paid was a portion of the family expense, but when they left it, and went elsewhere, the rent chargeable against the husband by virtue of his contract, was not a family expense, because the family no longer had the benefit of the house. Damage done to furniture, which might be the subject of an action *in tort*, or which might be recovered against the husband by virtue of his contract, cannot be classed as a family expense. The husband is bound by the terms of the contract into which he entered, and he will be held to its performance, but the liability of the defendant is of statutory creation, and as the statute is in derogation of the common law, she cannot be held beyond its letter. An indebtedness for something of which the family, or some one or more of its members, has had the actual benefit, she can be compelled to pay. It was incurred for family expenses. But an indebtedness for something of which neither the family, nor any of its members, has had

the enjoyment, she cannot be compelled to pay, unless she contracted the debt herself. The statute does not cover such a debt.

A number of other states have statutes identical, or nearly identical, in terms, with ours, and those statutes have been the subject of considerable adjudication in those states. We have been referred to a voluminous list of decisions disposing of a great variety of questions arising under those statutes. To review each of those decisions would swell this opinion to undue dimensions. It is enough to say that we have found nothing in disharmony with the views we have expressed, or that would authorize a recovery against the defendant upon the facts of which we are in possession.

The judgment will be affirmed.

*Affirmed.*

BISSELL, P. J., not sitting.