## Beda C. Noreen v. Louis P. Hansen.

FILED JUNE 4, 1902. No. 11,982.

1. **Married Woman: LIABILITY FOR NECESSARIES: EXECUTION AGAINST HUSBAND: BILL OF RIGHTS.** The statute (Compiled Statutes, ch. 53, sec. 1) making the property of a married woman liable for the payment of all debts contracted for necessaries furnished to her family after execution against her husband for such indebtedness has been returned unsatisfied, is not in conflict with section 3 of the bill of rights.

2. **Married Woman's Act: EXECUTION AGAINST HUSBAND: RETURN NULLA BONA: LIMITATION.** In cases arising under the proviso of section 1 of the married woman's act, the cause of action does not arise, and the statute of limitations does not begin to run, until an execution upon a judgment against the defendant's husband has been returned unsatisfied.

3. **Evidence.** Evidence examined, and found sufficient to sustain the judgment.

ERROR from the district court for Dodge county Tried below before GRIMISON, J. *Affirmed.*

*Fred W. Button,* for plaintiff in error.

*C. E. Abbott, contra.*

PER CURIAM.

This action, by Louis P. Hansen against Beda C. Noreen, based upon the proviso of section 1 of the married woman's act (Compiled Statutes, ch. 53), was tried without a jury and resulted in a finding and judgment in favor of the plaintiff. The petition alleges that Andrew F. Noreen and Beda C. Noreen are husband and wife; that the plaintiff sold and delivered to them groceries for consumption in their family; that said groceries were necessaries; that a judgment for said groceries was recovered against Andrew, and that an execution issued on such judgment had been returned unsatisfied. The defenses pleaded in the answer are (1) that the statute is unconstitutional; (2) that the statute of limitations has run against the action;

and (3) that the evidence fails to show that the judgment against Andrew was for necessaries.

The defendant has failed to point out any reason to support her contention that the legislature is without power to impose upon a married woman the duty of providing for herself and those constituting the members of her family, and we are not aware of any provision of the constitution with which this statute is in conflict. Its validity has been recognized in at least three decisions of this court. *George v. Edney*, 36 Nebr., 604; *Small v. Sandall*, 48 Nebr., 318; *Fulton v. Ryan*, 60 Nebr., 9.

The contention that the statute of limitations has run against the action can not be sustained. The liability of a wife under the statute is secondary; she is a surety for her husband, and the cause of action does not arise against her until an execution based upon a judgment against her husband has been returned unsatisfied. *Frost v. Parker*, 21 N. W. Rep. [Ia.], 507.

The claim that the evidence does not support the finding and judgment is grounded entirely upon the evidence of the defendant and her husband that the groceries in question were furnished to Mr. Noreen to enable him to conduct a boarding house. There is evidence tending to show that the Noreens kept boarders, but inasmuch as it is conceded that the Noreen family consisted of six persons, and that the entire grocery account amounted to only about $10 per month, we are satisfied that the court did not err in holding that the groceries furnished were necessaries for the family, within the meaning of the statute.

The judgment of the district court is

AFFIRMED.

NOTE.—*Husband and Wife.—Married Woman.*—Under a statute which provides that "either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might, if unmarried," a married woman is authorized to execute a promissory note with her husband; and she is liable thereon, though the note is given for the individual debt of her husband. *Miller v. Purchase*, 5 S. Dak., 232.—REPORTER.