[No. 2355.]

GILMAN v. MATTHEWS ET AL.

1.  **Husband and Wife—Liability for Family Expenses—Judgment.**

    Under section 3021a, 3 Mills' Ann. Stats. (Revised Supplement), a personal judgment may be rendered against the wife for a debt contracted by the husband for family expenses.

2.  **Same.**

    Family expenses for which the husband and wife are jointly and severally liable, include wearing apparel purchased and worn by the husband, and it is not necessary to show that such wearing apparel was suitable to the degree and condition in life of the family, in order to make the wife liable therefor.

3.  **Same—Evidence.**

    In an action against a wife for wearing apparel purchased and worn by her husband, it is not sufficient to show that they are husband and wife, but it must also be shown that they are living together, so as to constitute a family.

*Appeal from the County Court of Arapahoe County.*

Messrs. O'DONNELL, TONEY & GRAHAM, for appellant.

Mr. SAMUEL S. LARGE, for appellees.

MAXWELL, J.

Action against husband and wife for the price and value of wearing apparel—one dress suit, one

tuxedo and one sack business suit—sold and delivered to the husband at his special instance and request.

From a personal judgment against both defendants, the wife appeals.

This action is founded upon 3 Mills' Ann. Stats. (2d ed.), sec. 3021a:

"The expenses of the family and the education of the children are chargeable upon the property of both husband and wife or either of them, and, in relation thereto, they may be sued jointly or separately."

A reversal of the judgment is urged upon the grounds:

1.   Because the judgment was *in personam*.

2.   Because it was not shown that the wearing apparel furnished the husband was suitable to the degree and condition in life of the family.

3.   Because it was not shown that the husband and wife were living together so as to constitute a family.

These propositions will be considered in their order.

At the date (1891) of the enactment of the above statute by the legislature of Colorado, a similar statute had been in force in Iowa, Illinois and Oregon, and had been construed many times by the appellate courts of those states.

It is a familiar and well-settled rule that, in adopting the statute of another state, the legislature adopts the construction given such statute by the courts of that state.

This statute has been under consideration by this court in two cases.

In *Kelly v. Canon,* 6 Colo. App. 465, it was held that the statute did not have a retroactive effect, which was the only question involved and decided in the case.

In *Straight v. McKay,* 15 Colo. App. 60, it was

attempted to hold the wife personally liable, under the statute, upon the covenants of a written lease for a term, executed by the husband alone, the premises having been vacated before the expiration of the term, and also for damages done to furniture. This court said:

"A right of action is given against her for debts which she may have no hand in creating, but those debts must be clearly within the purview of the statute. Either husband or wife may incur indebtedness for the family expenses, and for such indebtedness either or both will be liable. But outside of the expenses of the family and the education of the children, neither can impose an obligation upon the other. Food and clothing are family expenses, and so are luxuries purchased for the use of the family. Such expenses are not confined to necessaries, but, to be family expenses, they must be for things received by the family, or some member of the family. The family requires a house in which to live, and the rent of the house occupied by it is part of the cost of living, and is a family expense. But the rent of a house which the family does not occupy is not a family expense. So long as the defendant and her husband lived in the plaintiff's house, the rent agreed to be paid was a portion of the family expense, but when they left it, and went elsewhere, the rent chargeable against the husband by virtue of his contract was not a family expense, because the family no longer had the benefit of the house."

We might stop here, and, upon the authority of the above case, decide adversely to the appellant the first two propositions urged for the reversal of the judgment herein, were it not for the fact that it might be said that the points here relied on and under discussion were not involved in *Straight v. McKay, supra*.

With the doctrine above announced, we are entirely satisfied. That it is supported by authority, will be demonstrated by reference to a few of the many cases decided in Iowa, Illinois and Oregon.

*Smedley v. Felt*, 41 Ia. 588, was an appeal by the wife from a judgment against her on a promissory note given by the husband for the balance of the purchase price of a piano purchased by the husband for the use of and used by the family. It appears from the statement of the case that the note sued on was not due; that the wife was disposing of her property with intent to defraud her creditors, and an attachment was prayed. The answer of the wife admitted the averments of the petition, and averred that she had no knowledge that the note was given or that the piano was purchased on credit; that she had no part in the purchase; that plaintiff did not give her credit; that the piano was purchased on the credit of the husband alone, and that the piano was exchanged for another piano which she owned. A demurrer to the answer was sustained, and judgment rendered against the wife.

It seems clear from the above statement that the question as to whether or not a personal judgment could be rendered against the wife was necessarily involved in the case. The court said:

"The only remaining question is, Can a party who does in fact sell an article within the contemplation of these sections to the husband upon his individual credit, and receives his note therefor, afterwards maintain an action against the wife?"

This question was answered in the affirmative, by the affirmance of the judgment against the wife.

It would be difficult to conceive of a case where the form of the judgment would be more directly involved.

In *Jones v. Glass*, 48 Ia. 345, the same question

was involved, and the same principle announced, as in *Smedley v. Felt, supra.*

See, also, *Polly v. Walker,* 60 Ia. 86.

Examination of a large number of Iowa cases based upon this statute has failed to disclose a single case which holds that a personal judgment against the wife is not within the contemplation of the statute.

*Hayden v. Rogers,* 22 Ill. App. 557, was an appeal from a judgment against a wife on account of meat and poultry sold and delivered to defendants, which were sold for and to be used in their family. The statute relied upon was:

"The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

The court said: "The defense sought to be interposed by Mrs. Hayden was based upon the theory that this statute imposes no personal liability upon the wife for family expenses, but merely creates a charge upon her property which can be enforced only by proceedings *in rem* against such property as she was owning at the time the indebtedness was incurred. We are of the opinion that such is not the proper construction of the statute. * * * The liability, therefore, imposed upon her, is necessarily a personal liability, for upon no other principle can effect be given to this provision of the statute."

In all the cases decided by the appellate courts of Illinois involving this question, the rule stated in *Hayden v. Rogers* has been adhered to.

In *Phipps v. Kelly,* 12 Ore. 213, the question here under consideration was squarely presented. The court said:

"Section 10 of the act of 1878 provides 'that the

expenses of the family and the education of the children are chargeable upon the property of both husband and wife or either of them, and, in relation thereto, they may be sued jointly or separately.' The general effect of this act was, undoubtedly, to extend and enlarge the rights and liabilities of married women much beyond previous limitations. The disability to make contracts and incur liabilities which formerly existed at law, it removed, and now a married woman may do either, and her contracts and liabilities may be enforced by or against her to the same extent and in the same manner as if she were unmarried. For liabilities incurred as a family expense she may be sued at law jointly with her husband, or separately, and a personal judgment may be rendered against her. This was expressly recognized by this court in *Watkins v. Mason,* 11 Ore. 72.''

All of the above cases were decided before the enactment of the statute in this state, and under the well-settled principle of statutory construction above stated, we are compelled to adopt the construction of the act placed upon it by the courts of the states from which it was adopted, and rule that, under the statute, a personal judgment against the wife is right.

Provisions, clothing, furniture, house rent, physician's services and many other similar items of expenses have been held clearly within the purview of the statute by the appellate courts of Iowa, Illinois and Oregon. Illustrative of the views entertained by some of the courts, a few of the many reported cases will be briefly noticed.

As has been seen in *Smedley v. Felt, supra,* a piano was held to be a family expense within the contemplation of the statute.

In *Frost v. Parker,* 65 Ia. 179, an organ, though purchased by the husband for resale, but never sold by him, but used in the family for about seven years,

as organs are ordinarily used, was held to be a family expense.

In *Farrar v. Emery*, 52 Ia. 725, it was held that a sewing machine was a family expense, and that the wife was personally liable for such machine.

A diamond shirt stud procured for personal use and actually used and worn by a husband, was held family expense in *Neasham v. McNair*, 103 Ia. 695.

The Illinois courts have followed the Iowa courts in their construction of this statute, and have covered quite as wide a range of subjects.

In *Hyman v. Harding*, 162 Ill. 357, after quoting the statute, which is substantially the same as the Colorado statute, the court said:

"The statute has been construed in Iowa, from which state it was taken, and elsewhere, to embrace merely legitimate expenses of the family, as such, incurred for articles to be used in the family, and actually used or kept for use therein. (*Fitzgerald v. McCarty*, 55 Iowa 705.) The term 'expenses of the family' is not synonymous with 'necessaries,' which may be personal and individual, as well as for the family. It does not include business expenses, which are incurred merely to secure the means to maintain the family, nor private or individual expenses, which do not affect the collective body of persons under one head constituting a household or family, but it does include expenses for many articles used by individual members of the family, if they mutually affect the members generally. It is apparent that even though an article is purchased for and used by only one member of the family, yet it is a family expense if it conduces, in any substantial manner, to the welfare of the family generally. Musical instruments may be as pleasant and beneficial to the other members of the family as to the operator. Books, pictures and articles of ornament used to adorn and beautify the

home, though owned by individual members of the family, are beneficial to the family generally, and tend to maintain its integrity. Articles of clothing, though purchased for and used exclusively by individual members, are family expenses, as they contribute, in a substantial manner, by preserving health and otherwise, to the general well-being of all the members.''

In *Dodd v. St. John,* 22 Ore. 250, 29 Pac. 618, the court held that the purchase price of a buggy was a family expense for which the wife was liable, and, after quoting the statute, which is identical with the statute of Colorado, said:

"This statute is a wide departure from the common law and from the legislation of most of the states. Whether its enactment was wise and its provisions beneficent in their operation, is not for the court to determine; that, in some instances at least, it works a great hardship on the wife in subjecting her to a liability which she did not contract, for expenses of the family, cannot be doubted. But the power of the court in the premises is confined to its construction and enforcement, in cases as they shall arise. * * * The word 'necessary' does not occur in the statute, which relieves the case of the question whether the expense was a necessary one or not. The statute is broad enough to subject the wife to liability for articles that are purchased and used in the family, whether they were necessary or not. In fact, the articles may have been entirely unnecessary, or such as the family ought to have dispensed with, or they may have been of no utility; still, if they were purchased and used in the family, we do not see on what ground the liability of the wife could be avoided.''

While it is true that conflicting opinions may be found in the reports of Iowa, Illinois and Oregon, as

to whether or not specific articles are within the statute, an exhaustive examination of the authorities has failed to show a single one under a similar statute which limits the liability of the wife to "necessaries," or which holds that it is necessary to show, in order to make the wife liable, that the articles furnished were suitable to the degree and condition in life of the family.

The Alabama and Missouri cases cited by counsel for appellant are inapplicable, as the statutes of those states are radically different from the Colorado statute.

The Alabama statute is: "For all contracts for articles of comfort and support of the household, suitable to the degree and condition in life of the family, and for which the husband would be responsible by common law, the separate estate of the wife is liable; to be enforced by action at law against the husband alone, or against the husband and wife jointly." —Code, sec. 1987.

In Missouri the statute is, that her separate property "shall be subject to execution * * * for any debt or liability of her husband, created for necessaries for the wife or family."—Rev. Stats., sec. 3296.

If the legislature of Colorado had intended to limit the liability of a wife to "necessaries," it would have so enacted; having failed so to do, we must conclude that such was not the intention, but, rather, that the construction placed upon the statute by the courts of the states from which it was adopted, was intended to be the law of this state, and that what should be included in the term "family expenses" must be determined by the facts and circumstances of each case, subject to the limitation, that the article or articles must have been purchased for, and used in or by, the family, or some member thereof.

This brings us to a consideration of the third proposition advanced by defendant.

The complaint alleged that the clothing was used as a part of the "family expenses" of the defendants, who were husband and wife.

The answer admitted that defendants were husband and wife, but denied that the clothing was used as part of the family expenses, and averred that it was used by the husband alone.

There is no testimony whatever upon this point. Nothing to show that any family relation existed between the defendants; nothing to show that there was any family, or that defendants were living together.

A family is defined to be a collective body of persons who live in one house and under one management. (Webster's Dictionary.)

The admission that defendants were husband and wife is not an admission that they constituted a family, nor, in this day and generation, can any presumption be based upon such admission.

All the authorities hold that "expenses" for which the wife is personally liable under the statute, must be "family expenses." The language is too plain to admit of any question.

*Schlessinger v. Keith,* 30 Ill. App. 253, was an appeal from a judgment against plaintiffs in an action against husband and wife for apparel furnished the wife. The court said:

"This was an action under sec. 15, ch. 68, R. S. 1874, by appellants against appellees as husband and wife, charging them with ladies' and children's apparel, sold by appellants to her, as family expenses. In this action against them jointly no other ground of recovery can be relied upon. It would seem to be a condition precedent to any family expenses that there should be a family; a family in fact, without

regard to what knowledge the persons selling the goods had of the fact. If they sold, as they supposed, to a bachelor or a spinster, and it then turned out that there was a wife or a husband who, with the purchaser, constituted a family, probably both could be held, and *vice versa*. In this case it appeared that the appellees had ceased to live together for some months before the purchase, though the appellants had no notice of such separation. Neither had the husband any notice that the wife was buying goods. The superior court rightly decided that appellees were not liable under the statute for family expenses where there was no family.''

In *Hudson v. King*, 23 Ill. App. 120, cited by appellees, it seems to have been regarded essential to the liability of the wife that she and her husband constitute a family in fact. While this particular question was not involved in *Kelly v. Canon, supra,* this court said:

''A wife, under the statute, could only be held for the original consideration on proof that the goods were furnished *for the family.''*

And in *Straight v. McKay, supra:*

''The right of action is given against her for debts which she may have no hand in creating, but those debts must be clearly within the purview of the statute. Either husband or wife may incur indebtedness *for the family expenses,* and for such indebtedness either or both will be liable. But, outside of the *expenses of the family* and the education of the children, neither can impose an obligation upon the other.''

For failure of proof that there was a family, and that the indebtedness, which was the subject-matter of the action, was on account of family expenses, the judgment will be reversed.

*Reversed.*