[No. 5080.]
[No. 2646 C. A.]

PERKINS v. MORGAN.

1.  Husband and Wife—Liability for Family Expenses—Servants.

Under 3 Mills' (Rev.) Stats., §3021a, providing that the expenses of the family are chargeable on the property of both husband and wife, domestic servants employed in the ,family and forming part of the household are a part thereof, and both husband and wife are liable for supplies used in part for such servants.—P. 364.

2.  Same—Family Expenses—Burden of Proof.

In an action against a husband and wife for supplies furnished for the use of a family, the burden of proof, if any part of the supplies was used for servants or laborers boarding elsewhere than in the household, and so not a part of the family, was on defendants.—P. 364.

**3. Same—Family Expenses—Statute of Limitations—Pleading.**

In an action against a husband and wife to recover for supplies used in the family, a denial in the answer that any of the goods sold or delivered after a date more than six years prior to the commencement of the action was used in the family, was insufficient as a plea of limitations, as the defense of the statute of limitations is affirmative, and must be specially pleaded.—P. 365.

*Appeal from the District Court of Weld County.*
*Hon. Christian A. Bennett, Judge.*

Action by J. S. Morgan against H. J. Perkins and Mary M. Perkins. From a judgment for plaintiff, defendant, Mary M. Perkins, appeals.

*Affirmed.*

Mr. HERBERT M. MONROE, for appellant.

Messrs. GARRIGUES & SMITH, for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Action against H. J. and Mary M. Perkins for balance due upon an account for goods, wares and merchandise sold and delivered by plaintiff, to defendant H. J. Perkins at his request, on and between January 29, 1891, and November 20, 1893.

The answer of defendant Mary M. Perkins, and plaintiff's reply thereto, presented this question:

What portion of the goods sold and delivered were for expenses of the family?

The defendant H. J. did not answer. This allegation of the amended complaint was admitted:

"That the defendants, H. J. and Mary M. Perkins, are and were husband and wife living together as such during the running of said account, and together with their children and servants constituted a family; and that said indebtedness was contracted by the said husband, H. J. Perkins, for the expense

of said family, whereby by force of the statute in said case made and provided, the same became chargeable upon the property of both husband and wife, or either of them.''

The statute invoked by plaintiff is:

''The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately.''—3 Mills' (Rev.) Stats., § 3021a.

In construing this statute in *Gilman v. Matthews,* 20 Colo. App. 170, it is said:

''What should be included in the term 'family expenses' must be determined by the facts and circumstances of each case, subject to the limitation that the article or articles must have been purchased for and used in or by the family, or some member thereof.''

In *Kelly v. Canon,* 6 Colo. App. 465, it is said:

''The wife, under the statute, could only be held for the original consideration on proof that the goods were furnished for the family.''

And in *Straight v. McKay,* 15 Colo. App. 60:

''A right of action is given against her (the wife) for debts which she may have no hand in creating, but those debts must be clearly within the purview of the statute. Either husband or wife may incur indebtedness for the family expenses, and for such indebtedness either or both will be liable. But outside of the expenses of the family and the education of the children, neither can impose an obligation upon the other. Food and clothing are family expenses and so are luxuries purchased for the use of the family. Such expenses are not confined to necessaries, but to be family expenses they must be for things received by the family, or some member of the family.''

In the case at bar, the court instructed the jury:

"The court instructs the jury in this case that the family included the parents, children, domestics and servants, if any, who formed the household of said H. J. Perkins; and all of said goods as were got and used in said household for the members thereof, were for the expense of the family, and are chargeable alike against the property of both husband and wife."

The giving of this instruction is assigned as error.

Appellant is insistent that the word "family," as used in the statute, does not include servants— farm laborers, in this case.

The authorities define "family" thus:

"A collective body of persons who live in one house under one head or manager. A household, including parents, children, and servants."—Webster.

"A collection of persons forming à domestic household, including parents, children, servants." —Standard.

"Father, mother and children; all the individuals who live under the authority of another, including the servants of the family."—Bouvier.

"A collective body of persons who form one household under one head and one domestic government, including parents, children and servants." —12 Am. & Eng. Ency., § 866.

Under a statute of Alabama, subjecting the statutory separate estate of the wife to payment "for articles of comfort and support of the household," in *Pippin v. Jones*, 52 Ala. 161, 165, it is said:

"Some articles in the account seem to have been purchased for servants in the family. These, it is insisted, are not properly chargeable to the wife's statutory estate. Servants necessarily employed and residing in the family  *  *  *  are part of the

'household' within the meaning of the statute. Neces-
saries supplied them can be charged on the wife's
estate.''

Under the above authorities, servants and do-
mestics, who, with the parents and children, form one
household, must be held to be a part of the ''family,''
within the meaning of that term as used in the stat-
ute under consideration.

If any of the servants or farm laborers were not
a part of the household, or were lodged and boarded
elsewhere than in the family or household of appel-
lant, and any portion of the goods included in the
account sued on was used by or for such servants or
farm laborers, it was incumbent upon appellant to
show those facts by competent evidence, to escape
the liability imposed by the statute.

There is no such evidence in the record.

We do not hold that farm laborers, employed by
the husband for the purpose of conducting his busi-
ness as a farmer, lodged and boarded by him in
quarters separate and apart from the family and
household, are a part of the family, and that the ex-
penses of maintaining and boarding such servants
and laborers are ''family expenses'' within the mean-
ing of the statute. Such a state of facts is not in the
case.

There was no error in the instruction given by
the court.

At the request of appellant, the court instructed
the jury that the burden of proof rested upon plain-
tiff to establish by a preponderance of the evidence
that the goods were used in the family of defendant,
H. J. Perkins.

The evidence of plaintiff was to the effect that
all of the goods were such as enter into the ordinary
family store account; that they were ordered by and
delivered to the defendants personally, about two-

thirds being purchased by the wife; that the goods were delivered from the store of plaintiff and put into a spring wagon, driven by one or the other of defendants, and by them taken home.

No evidence was offered upon behalf of appellant to prove that any part of the goods was not used in the family of appellant, or that any portion was used elsewhere than in the family or household of appellant.

The uncontradicted evidence of plaintiff was sufficient to support the verdict rendered.

Appellant requested an instruction to the effect that the statute of limitations had run against the entire account. This the court refused, and error is assigned on such refusal.

The last item of the account was of date November 20, 1893; this suit was commenced November 11, 1899.

Appellant contends that the plea of the statute of limitations was interposed by the fourth defense, which is:

"For a fourth defense, said defendant denies that any of that portion of said goods, wares and merchandise which was sold or delivered to the defendants, or either of them, after the ninth day of November, 1893, was used in said family, or was a family expense of said family."

The answer does not deny the correctness of the account, and therefore admits that the last item of the account was procured by the husband November 20, 1893, as alleged in the complaint.

As we read it, this defense did not interpose the statute of limitations to the cause of action alleged in the complaint. It, in effect, denied the liability of the defendant wife for any portion of the goods sold after November 9, 1893, for the reason that the same were not used in the family, and were not a "family

expense.'' This defense in nowise informed the plaintiff, or the trial court, that the statute of limitations would be relied on as a defense. The defense of the statute of limitations is affirmative, and must be specially pleaded.—*Adams v. Tucker,* 6 Colo. App. 393; *Cuenin v. Halbouer,* 32 Colo. 51, 56; *Blakely v. The Ft. Lyon Canal Co.,* 31 Colo. 224, 243.

There was no error in refusing the requested instruction, because the answer did not present the question or issue to which the instruction was addressed.

All issues presented by the pleadings were submitted to the jury under correct instructions as to the law, and resolved in favor of plaintiff.

The judgment will be affirmed.

*Affirmed.*

Chief Justice Gabbert and Mr. Justice Gunter concurring.