IDA C. SCOTT, APPELLEE, V. JOHN R. HOUSE ET AL.,
APPELLANTS.

FILED MARCH 14, 1913.    No. 17,111.

Husband and Wife: NECESSARIES: LIABILITY OF WIFE. The property
of a married woman is not liable for the payment of debts con-
tracted for necessaries furnished the family until after an execu-
tion against the husband for such indebtedness has been issued
and returned unsatisfied. Comp. St. 1911, ch. 53, sec. 1. And the
fact that no judgment has been rendered against the husband for
such debt may be shown by the wife, in an action by her to enjoin
the levy of an execution upon her lands to pay such a debt.

APPEAL from the district court for Thurston county:
ANSON A. WELCH, JUDGE. *Affirmed.*

*Hiram Chase* and *R. E. Evans,* for appellants.

*T. L. Sloan* and *Herman Freese, contra.*

LETTON, J.

This is an action to restrain the defendants from en-
forcing by execution a judgment against the real estate
of plaintiff. The case was heard upon an agreed stipula-
tion of facts, and at the conclusion of the trial the court
entered his findings of fact and conclusions of law and
enjoined the enforcement of the judgment as prayed.
Defendants appeal.

The material facts which appear by the stipulation are,
as follows: The plaintiff is a married woman living with
her husband. A bill of particulars was filed by John R.
House (defendant herein), as plaintiff, against Ida C.
Scott (plaintiff herein) in justice court for the recovery
of $61.50, and interest, for goods, wares and merchandise
sold and delivered to her at her request. She appeared,
obtained a continuance, but made no appearance at the
trial, at the close of which a judgment was rendered for
the amount found due. A transcript of this judgment
was filed in the district court, and an execution was issued
and levied upon 80 acres of land belonging to her.

Defendants state the case as follows in their brief: "Appellants' claim, or case, may be stated thus: By operation of the latter portion of section 5317 (Ann. St.), the wife is made surety for necessaries used by her family; that this suretyship attached to any property that the wife may ever become seized of that is not exempt from sale or execution; that, as a condition precedent to a judgment on this suretyship, there must be a judgment against the husband and an execution issued and returned unsatisfied; that the appellee in this case is concluded as to the fact of the judgment and execution against the husband, because the fact as to whether there was such a judgment and execution was a matter of defense in the action by the appellant House against the appellee, and which resulted in the judgment, the collection of which is enjoined." Defendants also state that they make no claim that the plaintiff is bound by reason of a contract made by her with House. Defendants insist that the plaintiff is concluded as to the fact of marriage by the judgment, since she did not plead coverture, and is also concluded as to whether a judgment had been obtained and an execution returned unsatisfied against her husband before the suit was brought, because these matters might have been raised as defenses before the justice, and insist that the judgment is an adjudication against her as to all such issues, and no advantage can be taken of such matters now.

While fully conceding the general principles of law with respect to former adjudication and judgments against married women urged by defendants, the writer is of the opinion that the argument made as to the conclusiveness of the judgment cuts both ways, and that a judgment cannot be shown, solely for the purposes of an execution, to be a judgment for necessaries by facts dehors the record. The record does not show that the judgment was rendered for necessaries furnished the family. If we concede that the defenses of coverture and of the failure to issue an execution against the husband

should have been pleaded before the justice, it must also be conceded that the fact that the judgment was sought for necessaries, which gives it a peculiar force and power which it would not otherwise have, should also have been made to appear in that court. If one set of facts cannot, as defendants claim, be shown aliunde, what reason can be given for allowing the other fact as to necessaries to be shown upon the other side? A majority of the court, however, prefer not to announce this view.

It is stipulated "that the basis of the claim for which the judgment complained of was rendered was for necessaries furnished by the defendant John R. House to the plaintiff and her husband," and that the "judgment obtained  *  *  *  against the said Ida C. Scott was obtained without having first obtained a judgment against her husband, Frank Scott, for necessaries."

Section 1, ch. 53, Comp. St. 1911, provides that all the property of a married woman of every kind and nature "shall remain her sole and separate property, notwithstanding her marriage, and shall not be subject to the disposal of her husband, or liable for his debts; provided, that all property of a married woman not exempt by law from sale on execution or attachment shall be liable for the payment of all debts contracted for necessaries furnished the family of said married woman after execution against the husband for such indebtedness has been returned unsatisfied for want of goods and chattels, lands, and tenements whereon to levy and make the same." This statute has been considered by this court a number of times and uniformly upheld. *George v. Edney,* 36 Neb. 604; *Small v. Sandall,* 48 Neb. 318. It was held in *Noreen v. Hansen,* 64 Neb. 858, that in such a case as this "the cause of action does not arise against her until an execution based upon a judgment against her husband has been returned unsatisfied." In *Fulton v. Ryan,* 60 Neb. 9, 13, where it was sought to avoid the effect of a plea of coverture in the answer by the allegation in the reply that the note was given for necessaries, the court held

that portion of the reply defective, "for the reason that it does not set up the fact that execution against the husband on the indebtedness had been issued and returned unsatisfied for want of property on which to levy." By this section of the statute it is a condition precedent to a sale of the property of a wife for her husband's debt that the execution against the husband has been issued and returned unsatisfied. The statute is explicit that the property of the wife is not subject to sale until this essential fact has been established. We are all of the opinion that, under a judgment which fails to show that it was rendered for necessaries, the shield of the statute may be raised at any time before a sale of the wife's property, and a majority believe this fact may be shown even under judgments which recite they are rendered for necessaries. Since this condition precedent to any liability upon the part of the plaintiff's property is shown not to exist, the plaintiff is entitled to an injunction restraining the levy and sale.

Having reached this conclusion, we find it unnecessary to determine the claim made that her real estate is exempt under the laws of the United States relating to the property of members of the Omaha Tribe of Indians.

The judgment of the district court is

AFFIRMED.