C. N. DEITZ LUMBER COMPANY, APPELLEE, V.
A. C. ANDERSON, APPELLANT.

FILED NOVEMBER 28, 1927. No. 24946.

*Anson H. Bigelow,* for appellant.

*McGilton & Smith, contra.*

Heard before GOSS, C. J., DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

C. N. Deitz Lumber Company, plaintiff, brought this action against Mrs. A. C. Anderson, based on the provisions of section 1509, Comp. St. 1922, to recover for coal sold and delivered to A. C. Anderson who at the time of the purchase was the husband of present defendant. The case was tried upon an agreed statement of facts. The only issue therefore presented was one of law. The trial court rendered judgment in favor of plaintiff, from which defendant has appealed.

This case was heretofore submitted to the supreme court commission and an opinion affirming the judgment of the district court was approved by us. On motion for rehearing, the case has been argued and submitted to us.

It appears from the stipulation that on September 27, 1921, plaintiff sold and delivered to A. C. Anderson coal in the amount and value of $75.60. The coal was furnished for necessaries of life and used by the family of A. C. Anderson. At the time of the furnishing and using of the coal, the present defendant was the wife of A. C. Anderson and a member of his family. Subsequently and before this action was commenced the present defendant obtained a divorce from A. C. Anderson. At the time of the sale and delivery of the coal Mrs. A. C. Anderson was possessed of no property of any nature whatsoever and all of the property which she now possesses has been acquired by her since her divorce from her husband and since the sale, delivery and use of said coal.

Thereafter plaintiff obtained a judgment against A. C. Anderson for the amount of the claim and, after having an execution returned *nulla bona* on its judgment, commenced the present action against defendant based upon the

provisions of section 1509, Comp. St. 1922, which reads as follows:

"The property, real and personal, which any woman in the state may own at the time of her marriage, and the rents, issues, profits, or proceeds thereof, and any real, personal, or mixed property, which shall come to her by descent, devise, or the gift of any person except her husband, or which she shall acquire by purchase or otherwise, shall remain her sole and separate property, notwithstanding her marriage, and shall not be subject to the disposal of her husband, or liable for his debts: Provided, all property of a married woman not exempt by law from sale on execution or attachment, shall be liable for the payment of all debts contracted for necessaries furnished the family of said married woman after execution against the husband for such indebtedness has been returned unsatisfied for want of goods and chattels, land and tenements whereon to levy and make the same."

Under the common law, the wife is not liable for debts of the husband. The law imposes upon him the legal duty of supplying the family with the necessaries of life. The property of a wife is not liable for debts of the husband unless made so by the terms of the statute.

It will be observed that the liability of the defendant for the debts of her husband involves a construction of the provisional portion of the section of the statute above quoted. This provides:

"All property of a married woman not exempt by law from sale on execution or attachment, shall be liable for the payment of all debts contracted for necessaries furnished the family of said married woman after execution against the husband for such indebtedness has been returned unsatisfied."

The precise question presented is whether the property of a divorced woman, acquired after the divorce, is liable for debts contracted by her husband for necessaries of life used by the family during the period of coverture. It will be noted that the statute in question renders the property

of a married woman liable for debts contracted for necessaries of life for the family and is not a personal liability imposed upon her. Strictly speaking, the property now sought to be applied to the payment of this debt never was the property of defendant as a married woman. It was all acquired by her after the dissolution of the marrage relation. We have recently held in *Giltner State Bank v. Talich*, 115 Neb. 236, that, where a judgment was rendered against a married woman on a contract executed by her during coverture, wherein she bound her separate estate, such judgment could be enforced only against the property or proceeds thereof which she possessed at the time of the execution of the contract. In the case now before us, when the debt was contracted by the husband, the wife had no property. All the property which defendant now possesses was acquired by her after the dissolution of the marriage relation. We hold, therefore, that when a debt is contracted by the husband for necessaries of life and used by the family, the wife having no separate property at the time, and where thereafter she is divorced from her husband, the property acquired by her after the divorce is not liable under the provisions of section 1509, Comp. St. 1922, for the payment of such debts.

From what has been said, it follows that the judgment heretofore entered in this court should be, and is, vacated and set aside, and the judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.