NELLIE A. DREAMER, EXECUTRIX, APPELLEE, V. VITA OBERLANDER, APPELLANT.

FILED JANUARY 22, 1932. No. 28058.

C. C. Flansburg, for appellant.

Skiles & Skiles, contra.

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and WRIGHT, District Judge.

WRIGHT, District Judge.

Action brought and judgment entered against appellant, a married woman, on a debt for necessaries of life, contracted by her husband.

The petition alleges a sale and delivery to the husband of groceries and meat; that the same were necessaries furnished to the family of appellant and her husband; that judgment had been recovered against the husband for the indebtedness, upon which execution had issued and returned unsatisfied for want of property whereon to levy and make the same, and the amount of said judgment, with interest and costs, was due from appellant, the wife, for necessaries of life. There was no allegation as to any

property or separate estate of the wife. The prayer was for judgment against the wife for necessaries of life in the amount alleged to be due, and costs.

Appellant answered, admitting the judgment against her husband for necessaries furnished her family; the amount due; that execution had issued thereon and been returned unsatisfied for want of property whereon to levy or make the same; that during the times mentioned her husband and she were and still are married and living together as husband and wife; denying that she contracted the debt, and alleging that, at the time the debt was contracted and at the time the judgment was obtained, she had no separate business, property or estate; that she is still a married woman and has no separate estate or property and has no personal liability on her part for her husband's debts.

To this answer a demurrer was sustained. Appellant elected to stand on her answer. Judgment was entered against her, from which she has appealed.

The question presented is the liability of a married woman for a debt contracted by the husband for necessaries furnished the family of the husband and wife where, under the admitted facts, the wife, at the time the debt was contracted and at the time the suit was commenced, had no separate property or estate. No claim can arise by reason of any contract with the wife, but the liability, if any, must rest solely on the provisions of the statute relating to separate property and the liability of a married woman, section 42-201, Comp. St. 1929, which is as follows:

"The property, real and personal, which any woman in the state may own at the time of her marriage, and the rents, issues, profits, or proceeds thereof, and any real, personal, or mixed property, which shall come to her by descent, devise, or the gift of any person except her husband, or which she shall acquire by purchase or otherwise, shall remain her sole and separate property, notwithstanding her marriage, and shall not be subject to the disposal of her husband, or liable for his debts; Provided, all prop-

erty of a married woman not exempt by law from sale on execution or attachment, shall be liable for the payment of all debts contracted for necessaries furnished the family of said married woman after execution against the husband for such indebtedness has been returned unsatisfied for want of goods and chattels, lands and tenements whereon to levy and make the same."

The question finally turns upon a consideration of whether the statute imposes a personal liability upon the wife. Appellant insists that no personal liability is created; that when the estate does not exist the liability cannot arise, and that the proceedings under the statute are *in rem* rather than *in personam*. Appellee, on the other hand, contends that the statute imposes upon the wife a personal liability for the indebtedness, and not merely a charge upon her property, to be enforced by proceedings *in rem*.

Appellee calls our attention to the rule adopted in Illinois, Iowa, Colorado, Utah, Washington, and Oregon, to the effect that the liability imposed is personal under their respective statutes fixing the liability of married women for necessities. An examination of the statutes of these several states discloses that they are almost, if not quite, identical. That of Illinois reads: "The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately." Callaghan's Ill. St. Ann. ch. 68, sec. 15. The reason for the rule holding the wife personally liable under such a statute is well given in *Hayden v. Rogers,* 22 Ill. App. 557, where that court, in holding personal liability in the wife, argued:

"Independent of its provisions the husband is personally liable for indebtedness incurred for the expenses of the family, and the statute, by providing that the wife may be sued jointly with him in respect to such indebtedness, necessarily imposes upon her a liability precisely

commensurate with his. The liability, therefore, imposed upon her, is necessarily a personal liability, for upon no other principle can effect be given to this provision of the statute."

The supreme court of Alabama, in *Pippin v. Jones,* 52 Ala. 161, in construing a statute of that state providing that for articles of family supply or used in the family, which are suitable to the estate and condition in life of the family of such husband and wife, and for which the husband would, by the common law, be liable, the husband shall be severally and the husband and wife jointly liable and suable at law, and making the wife's separate estate liable for such debts, said:

"As to the wife, the suit at law is rather a proceeding *in rem* than *in personam.* The judgment rendered, as to her, ascertains and concludes no fact except that she has a separate estate, subject to its satisfaction. It is of consequence a rule of pleading, that to support the proceeding, the existence of this estate must be averred, and that it may be known on what the judgment is to operate, it must be described. The separate estate being an indispensable element of the proceeding, it must exist when the contract is made, out of which its liability arises; and its existence must continue to the institution of the suit. If when the contract is made, the estate does not exist, the liability cannot arise; and if it is exhausted or from any cause ceases to exist before institution of suit, there would be no foundation for a judgment as to the wife."

And again, in *Henry v. Hickman,* 22 Ala. 685, that court, in construing the statute, say:

"We cannot suppose that this act intended to create a liability in all cases against the wife, jointly with her husband, for supplies furnished to the family. It is applicable only to specific cases, to wit, where the wife has a separate estate."

Our legislature seemed content to provide merely that the property of a married woman shall be liable for the payment of all debts contracted for necessaries furnished

the family. The statute in no uncertain terms provides that the property of the wife, both real and personal, whenever and however acquired, shall remain her sole and separate property, notwithstanding her marriage, and shall not be subject to the disposal of her husband *or liable* for his debts, with the exception, by way of proviso, that her property not exempt by law from sale on execution or attachment shall be liable for the payment of debts contracted for necessaries furnished the family of such wife, after execution against the husband for such indebtedness has been returned unsatisfied for want of property whereon to levy and make the same. No provision is made for joint and several liability, or for suit jointly or severally, but express provision is made that her property may be liable for the debt only after it shall have been established that the husband has no property whereon to make the same. This court, in *Dietz Lumber Co. v. Anderson,* 116 Neb. 205, has already determined that the statute does not create a personal liability; and in construing it took occasion to say:

"It will be noted that the statute in question renders the property of a married woman liable for debts contracted for necessaries of life for the family and is not a personal liability imposed upon her."

Having adopted this construction it would seem unwise to vacillate, for safety lies in an adherence to rules once established; moreover, we see no other construction which could reasonably be placed upon the statute.

Our attention has been directed to *George v. Edney,* 36 Neb. 604, and *Small v. Sandall,* 48 Neb. 318, where it is stated that the wife is made surety for the husband for the payment of necessaries furnished the family. In neither of these cases was the court called upon to construe the statute in the particulars here presented. To construe the expressions used in these cases as a determination by this court that the statute not only made the property of a married woman liable for necessaries furnished the family, but also created a personal liability as

well, would, it seems, amount to judicial legislation, which we do not think was intended.

Under the facts as admitted, there can be no personal judgment against the appellant for the debt of her husband. It is only her property which is liable. It being admitted that when the debt was contracted and when this action was commenced she had no estate or property of any kind from which the judgment or any part of it could be satisfied, it follows that the action became a useless gesture. No estate exists, therefore no liability can arise under the statute.

It is the accepted rule of this court that the statute creates no personal liability. The petition failed to disclose any property of the wife and the answer alleges no such property. The demurrer should have been overruled.

For the reasons stated, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.